# EXHIBIT 2

**JOINT DECLARATION OF DAVID W. HALL AND THOMAS L. LAUGHLIN,  IV IN SUPPORT OF THE PLAINTIFFS GROUP'S MOTION FOR APPOINTMENT OF LEAD PLAINTIFFS AND LEAD COUNSELS AND FOR APPOINTMENT OF PLAINTIFFS' EXECUTIVE COMMITTEE AND CO-CHAIRS OF THAT COMMITTEE**

We, David W. Hall and Thomas L. Laughlin, IV, declare as follows:

1.      We are partners of the law firms of Hedin Hall LLP ("Hedin Hall") and Scott+Scott Attorneys at Law LLP ("Scott+Scott"), respectively. We have personal knowledge of the matters stated herein based on our work on these lawsuits, and, if called upon, we could and would competently testify thereto.

2.      We submit this joint declaration in support of the motion by plaintiffs the Kellner Newcomer Partnership, Oklahoma Firefighters Pension and Retirement System, Oklahoma Law Enforcement Retirement System, Yan Cai Jiang, Dr. Jeffrey Wachtel, Jamal Pesaran, Zhang Zhenming, Felix Urman, Syed Zaheer, Alexander Shapovalov, Chew King Tan, Travis Florio, Michael Merson, Mark Ulanch, Igor Li, Kai Chen, Alma Felix, Alison Scully, Su Yan, Kevin Lee, J. and S. Patel Trust U/A dated 8/4/2015, Lei Bian, Tong B. Tran, Kuan Iok Ieong, Sajed Hanif, Gregory Dee, and Po-Hsun Huang (the "Plaintiffs Group") for this Court to issue an order: (1) appointing various movants as Lead Plaintiffs and their respective law firms as Lead Counsel of the coordinated cases referenced above (the "Archegos Cases"), pursuant to §21D of the Securities Exchange Act of 1934, as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"); (2) appointing a Plaintiffs' Executive Committee to manage and direct the Archegos Cases; and (3) appointing Thomas L. Laughlin, IV of Scott+Scott Attorneys at Law LLP and David W. Hall of Hedin Hall LLP as Co-Chairs of the Executive Committee and as Coordinating Counsel of the Archegos Cases.

3.      As recognized in the Court's Order dated March 9, 2022 (the "Coordination Order"), the seven above-captioned coordinated securities class actions against Morgan Stanley

and The Goldman Sachs Group Inc. are "all-but-identical" cases and should be "closely coordinated."

4.      Attorneys with Hedin Hall and Scott+Scott, after months of extensive factual and legal investigations, originated, developed, and then initiated each of the first-filed Archegos Cases, all asserting federal securities fraud claims under Sections 10(b), 20(a), and 20A of the Securities Exchange Act of 1934.

5.      In particular, prior to filing the first-filed *Tan* Action, Hedin Hall and Scott+Scott collaboratively researched the underlying facts (including by reviewing public filings, records, and documents concerning Defendants and third parties), further refined the unique theories of liability with an eye towards Defendants' anticipated defenses (including by researching and analyzing the applicable statutory schemes and other legal authorities relevant to the claims alleged and likely defenses thereto), conferred extensively with multiple potential clients (and reviewed relevant documents and other materials in their possession), and carefully prepared complaints aimed at maximizing the likelihood of prevailing and obtaining meaningful relief on behalf of the investor classes.  These cases would not exist without the months of hard work that Hedin Hall and Scott+Scott devoted to developing, investigating, and initiating the first of these matters.

6.      Once the first few deadlines (pursuant to the Private Securities Litigation Reform Act of 1995, the "PSLRA") for lead plaintiff motions passed in the first Archegos Cases, Hedin Hall and Scott+Scott engaged with counsel both for Defendants and each of the other movants across all of the Archegos Cases, including, among others, Pomerantz LLP ("Pomerantz"), Johnson Fistel LLP ("Johnson Fistel"), The Schall Law Firm ("Schall Law"), Berger Montague PA ("Berger Montague"), Rosca & Scarlota LLP ("Rosca & Scarlota"), The Rosen Law Firm, and Levi & Korsinsky LLP ("Levi & Korsinsky").  In these conferrals, we raised, among other things,

the likely need for, and unquestionable benefits of, coordination across each of the nearly identical cases.

7.     Pomerantz, in the ViacomCBS case, and Johnson Fistel, in the Vipshop case, each quickly recognized the need for cooperation across these complex cases and they began engaging with Hedin Hall and Scott+Scott, as well as other movants, in good faith initial discussions regarding coordination.

8.     On January 5, 2022, while several PSLRA lead plaintiff deadlines remained outstanding, the Court ordered all parties to appear for a Status Conference.

9.     Ahead of the conference, Hedin Hall, Scott+Scott, Pomerantz, and Johnson Fistel continued their ongoing discussions toward possible coordination across cases and continued to seek input from all movants' counsel, including among others Schall Law, Berger Montague and Rosca & Scarlata, and continued to communicate with Defendants to reach an organized consensus to present to the Court.

10.     During the Status Conference on January 25, 2022, after Thomas Laughlin of Scott+Scott presented certain plaintiffs' then-consensus position in favor of coordination, the Court indicated that the Archegos Cases rather appeared "tailor-made" for consolidation, queried how the PSLRA Lead Plaintiff appointment process would apply to such a consolidated action, and then ordered the parties to submit briefing "on the issues of consolidation as opposed to coordination."

11.     Over the ensuing days, Scott+Scott, Hedin Hall, Pomerantz, and Johnson Fistel continued to engage both Defendants and all other plaintiffs and movants, including Schall Law, Berger Montague, and Levi & Korsinsky, in extensive meet-and-confer discussions to identify and address any concerns that might genuinely counsel against consolidation.  During these extensive

discussions, a wide range of scenarios and considerations were openly discussed, including hypothetical liability, damages, class certification complications, and potential conflicts of interest.

12.     On January 28, 2022,  Scott+Scott, Hedin Hall, Pomerantz and Johnson Fistel filed a joint submission advocating for the Archegos Cases to be consolidated.

13.     That same day, by contrast, Defendants and two lead plaintiff movants who were not part of the joint submission filed separate letters contending that the cases should be coordinated, and that motions to dismiss should be briefed in tandem, but that the cases should not be consolidated.  Even while all parties could not, at that time, agree on the best case-management path forward, all could attest to the undersigned's extensive efforts to engage all sides in a good faith discussion of the issues.

14.     On March 9, 2022, this Court issued the Coordination Order, recognizing that the Archegos Cases are "all-but-identical cases" and should be "closely coordinated, and accordingly directed movants to file further motions that:

(i)     Address which movants are "best positioned not only to lead their own class, but also to cooperate productively and efficiently with the other class leads"

(ii)    "[D]etail a proposed leadership structure that will protect against the duplicative and inefficient individualized litigation of matters common across all of the actions"; and

(iii)   "[S]ubmit . . . proposed orders detailing the precise contours of coordination."

Coordination Order at 6-7.

15.     All the firms signing on to the Plaintiffs Group's present submission and proposed coordination and leadership structure (to which this declaration is annexed) have taken the Court's further guidance in the Coordination Order to heart, endeavoring over the past weeks to thoroughly

4

consider and discuss each of the concerns flagged by the Court and to develop a straightforward, efficient, and representative leadership structure.

16.    As a result of these extensive efforts, further consensus has been reached.  Two institutional investors who moved to be co-lead plaintiffs in the Discovery case on March 7, 2022– Oklahoma Firefighters Pension and Retirement System ("OFP") and Oklahoma Law Enforcement Retirement System ("OLERS")–and their counsel, Grant & Eisenhofer P.A., reached agreement regarding the structure of leadership of the Archegos Cases as did the presumptive lead in the Gaotu case and his counsel.  The latter is notable because the presumptive lead plaintiff in Gaotu did not join the initial consolidation proposal made by Scott+Scott, Hedin Hall, Pomerantz, and Johnson Fistel.  At this point, all but one outlier movant, Michael Krueger and his counsel Levi & Korsinky, have agreed to the proposed structure.

17.    With respect to the leadership of the individual issuer cases, the undersigned, on behalf of the Plaintiffs Group, submit that the unopposed presumptive leads in six of the seven Cases should be appointed Lead Plaintiff in their respective cases (Viacom, IQIYI, Baidu, Vipshop, Gaotu, and Discovery).  Each of these movants and their chosen counsel have demonstrated the cooperativeness, civility, expertise, and good sense necessary "not only to lead their own class, but also to cooperate productively and efficiently with the other class leads." *See* Coordinated Order at 5.

18.    Unfortunately, one holdout in a single case (Tencent) ultimately rebuffed every good faith effort toward cooperation and consensus.  For that one case, the undersigned, on behalf of the Plaintiffs' Group, submit that the movant with the second largest loss should be appointed as lead plaintiff of that case because Krueger and Levi & Korsinky have proven themselves

inadequate by repeatedly refusing to work with the other plaintiffs to efficiently litigate this case if the proposed structure being discussed would include anyone "above" them.

19.     For the reasons set forth above, on behalf of the Plaintiffs Group, we respectfully request that the Court grant the Plaintiffs Group's motion and enter an order: (1) appointing the Plaintiffs Group's proposed movants as Lead Plaintiffs and their respective law firms as Lead Counsel of the Archegos Cases, pursuant to §21D of the Securities Exchange Act of 1934, as amended by the PSLRA; (2) appointing the Plaintiffs Group's proposed Executive Committee to manage and direct the Archegos Cases; and (3) appointing Thomas L. Laughlin, IV of Scott+Scott and David W. Hall of Hedin Hall as Co-Chairs of the Executive Committee and as Coordinating Counsel of the Archegos Cases.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on March 30, 2022, at San Francisco, California.

DAVID W. HALL

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on March 30, 2022, at New York, New York.

Thomas L. Laughlin, IV