# EXHIBIT 3

**JOINT DECLARATION IN SUPPORT OF LEAD PLAINTIFF MOTION**

We, the undersigned, pursuant to 28 U.S.C. § 1746, declare as follows:

1.      We, Oklahoma Firefighters Pension and Retirement System ("OFP"), Oklahoma Law Enforcement Retirement System ("OLERS"), and Jamal Pesaran, respectfully submit this Joint Declaration in support of our motion for appointment as Co-Lead Plaintiffs and approval of our selection of Scott+Scott Attorneys at Law LLP ("Scott+Scott"), and Grant & Eisenhofer, P.A. ("G&E") as Co-Lead Counsel in the class action pending on behalf of investors in the common stock of Discovery, Inc. ("Discovery" or the "Company").  This action was brought pursuant to the Securities Exchange Act of 1934, is governed by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), and is pending in the Southern District of New York under docket number 1:22-cv-00169 (the "Discovery Action").  We are each informed of and understand the requirements and duties imposed by the PSLRA.  We each have personal knowledge about the information in this Joint Declaration.

2.      We submit this Joint Declaration to address the consolidation and coordination issues that the Court raised in its Order dated March 9, 2022 (ECF No. 26).  We are aware that, in addition to the Discovery Action, there are nine other putative class actions pending that arise out of circumstances leading to the downfall of Archegos Capital Management (collectively, the "Archegos Actions").

3.      I, Chase Rankin, am the Executive Director of OFP and am authorized to make this joint declaration on behalf of OFP.  Created in 1980, OFP is a defined benefit pension fund headquartered in Oklahoma City, Oklahoma, with more than $3.5 billion in assets under management on behalf of the firefighters of Oklahoma.  As reflected in a separate certification, OFP purchased a significant amount of Discovery Inc. Series A common stock during the class

1

period alleged in the above-captioned action and suffered substantial losses, which we allege are the result of violations of the federal securities laws. OFP has prior experience serving as lead plaintiff in securities class actions and is familiar with the obligations and fiduciary responsibilities owed to a class. OFP has, moreover, previously served as co-lead plaintiff and thus has experience coordinating with another lead plaintiff to fulfill those fiduciary responsibilities.

4.      I, Duane Michael, am the Executive Director of OLERS and am authorized to make this joint declaration on behalf of OLERS. OLERS is a defined benefit pension fund headquartered in Oklahoma City, Oklahoma, that administers retirement benefits on behalf of members of the law enforcement profession of the state of Oklahoma and their families. As reflected in a separate certification, OLERS purchased a significant amount of Discovery Inc. Series C common stock during the class period alleged in the above-captioned action and suffered substantial losses, which we allege are the result of violations of the federal securities laws. OLERS has prior experience serving as lead plaintiff in securities class actions and is familiar with the obligations and fiduciary responsibilities owed to a class.

5.      I, Jamal Pesaran, live in Irvine, California. I am 47 years old, work in the financial sector, and have been investing in the securities markets for over 20 years. As reflected in my Certification, I purchased Discovery common stock during the Class Period and suffered substantial losses as a result of the violations of the federal securities laws alleged in this action.

6. OFP and OLERS are both sophisticated institutional investors that incurred substantial losses as a result of the securities law violations at issue in this litigation. In addition, we have previously served as co-lead plaintiff in securities fraud litigations, including in actions that resulted in successful results for the class. *See Felix Santore v. Ixia*, No. 2:13-cv-08440 (C.D. Cal.); *Logan v. ProPetro Holding Corp.*, No. 7:19-cv-00217 (W.D. Tex.).We have discussed this

2

case, as well as the Archegos Actions, with our counsel.  Each of us is aware of the current status of this litigation and the related litigation brought on behalf of investors in other companies who were damaged by the same or similar wrongdoing alleged in the Discovery Action.

7.      We understand that the Lead Plaintiff role includes evaluating the strengths and weaknesses of the Discovery Action as well as its prospects for resolution.  We understand that it is a Lead Plaintiff's responsibility to direct counsel with respect to this litigation, after receiving the benefit of counsel's advice.  We also understand that the Discovery Action has been coordinated with other similar actions and that our counsel will work with other law firms to prosecute the related actions in an efficient and cohesive manner.  We are aware of each other and have each other's contact information.

8.      We attest to, among other things, our shared belief in the merits of this action; our shared desire to achieve the best possible result for the Class; our shared interest in prosecuting the case in a collaborative and likeminded manner; our understanding of the fiduciary obligations of Lead Plaintiffs; and our preparedness to supervise counsel and undertake all actions necessary to ensure that the Class's claims will be zealously and efficiently litigated.  We hereby affirm that the foregoing statements, as well as all other statements set forth in this Joint Declaration, are true and correct statements of our views and intentions with respect to this litigation, and that we seek appointment as Co-Lead Plaintiffs in this action.

9.      Given our significant financial interest in the claims against the defendants, we are strongly motivated to recover the significant losses that we and the Class suffered as a result of defendants' violations of the federal securities laws.  Our principal goal in seeking to serve as Co-Lead Plaintiffs in this case is to achieve the best possible recovery for the Class from all culpable parties.  We are committed to ensuring the action is litigated as zealously and efficiently as

possible, in accordance with our duties under the PSLRA. Moreover, we believe that our appointment as Co-Lead Plaintiffs will ensure that the interests of both individual and institutional investors are represented in the Class's leadership.

10.    If appointed Co-Lead Plaintiffs, we will satisfy our fiduciary obligations to the Class by, among other steps, conferring with each other and with our counsel regarding litigation strategy and other matters, attending court proceedings, depositions, any settlement mediations, and hearings as needed, providing documents as necessary, and reviewing and authorizing the filing of important litigation documents. Through these and other measures, we will ensure that the Discovery Action will be vigorously prosecuted consistent with the obligations of Lead Plaintiffs under the PSLRA and in the best interests of the Class, and will seek to obtain the greatest possible recovery for the Class.

11.    We understand that a Lead Plaintiff's share of any recovery is the same as every other potential Class member. As our respective Certifications state, we will not accept any payment for serving as a representative party beyond our *pro rata* share, except any reasonable costs and expenses, such as lost wages and travel expenses, directly related to the Class representation, as ordered or approved by the Court pursuant to the PSLRA.

12.    We each determined that we could maximize the Class's recovery by pooling our respective resources and experience by jointly seeking appointment as Co-Lead Plaintiffs. After reviewing the allegations in the complaint, and consulting with our counsel, we each independently determined to seek joint appointment as Co-Lead Plaintiffs, and subsequently approved the filing of a joint motion seeking our appointment as Co-Lead Plaintiffs. We agree that our collective resources and our ability to engage in joint decision-making will materially benefit and advance the interests of the Class in this case.

4

13.     We do not anticipate that any disagreements between us will arise, and agree to make all efforts, in good faith, to reach consensus with respect to all litigation decisions, and to that end will consult with our counsel as we deem necessary to fulfill our fiduciary obligations to the Class.  In the event that such a disagreement arises, we will work with our counsel to form a consensus that serves the best interest of the Class.

14.     We understand that the PSLRA and courts throughout the country, including courts in this District, have endorsed the appointment of small groups of investors to serve as Lead Plaintiff when the group can establish that its members can oversee the litigation and their proposed Lead Counsel in an independent manner.  We intend to prosecute this litigation in such a cohesive and vigorous manner.

15.     We also understand and appreciate a Lead Plaintiff's obligation under the PSLRA to select Lead Counsel and to monitor the action to ensure it is prosecuted efficiently.  We have fulfilled this responsibility by selecting and retaining Lead Counsel with proven histories of handling this type of complex securities litigation.  Based on their experience in achieving substantial recoveries in securities class actions, as well as their involvement filing this case and the similar cases related to it, we believe that Scott+Scott and G&E are well-qualified to represent the Class.

16.     In addition, we understand that the Court has ordered that the Discovery Action be coordinated with all of the Archegos Actions.  We are prepared to cooperate with the lead plaintiffs and lead counsel appointed in the other Archegos Actions.  We understand that this likely entails coordinating efforts to file a consolidated complaint, brief an omnibus motion to dismiss, and obtain discovery from Defendants concerning common issues that pertain to all the Archegos Actions.  We are committed not to duplicate efforts with the other lead plaintiffs of the other cases.

5

17.     Above all, in determining how to coordinate the Archegos Actions, we understand that efficiencies are of paramount importance, so as to maximize the amount of funds from any resulting settlement or judgment that would go to the putative class members.

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing statements relating to myself are true and correct to the best of my knowledge.

Executed on this __30__ day of March 2022.

_____
Jamal Pesaran

7

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing statements relating to myself are true and correct to the best of my knowledge.

Executed on this ___30th___ day of March 2022.

Chase Rankin
Oklahoma Firefighters Pension and Retirement System

8

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing statements relating to myself are true and correct to the best of my knowledge.

Executed on this ___30th___ day of March 2022.

_____

Duane Michael
Oklahoma Law Enforcement Retirement System

9